On appellant's motion for reconsideration filed March 24, reconsideration allowed; opinion (133 Or App 503, 892 P2d 697) modified and adhered to as modified May 24, 1995

STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL LeWAYNE TAYLOR,
*Appellant.*

(C9212-37586; CA A81845)

895 P2d 357

Mary M. Reese, Deputy Public Defender, for motion.

Before Riggs, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant moves for reconsideration of the portion of our opinion affirming his conviction for unlawful use of a weapon. 133 Or App 503, 892 P2d 697 (1995). We allow the motion, and as necessary for our discussion here, refer to the facts set out in our opinion.

We agree with defendant that we erred in stating that he did not challenge his conviction for unlawful use of a weapon. ORS 166.220.[1] In the first paragraph of his brief, defendant stated that he "seeks reversal of his conviction for manslaughter in the first degree and unlawful use of a weapon." In the concluding paragraph, he "requests that this court reverse his conviction for manslaughter in the first degree and unlawful use of a weapon." Accordingly, we modify our opinion to eliminate footnote 1 and that part of the opening sentence of our final paragraph that defendant "has not challenged his conviction for unlawful use of a weapon."

The only other reference to the weapon conviction in defendant's brief was in the closing paragraph of his argument regarding hearsay testimony. He stated:

"The trial court erred when it admitted the hearsay evidence. The evidence was damaging to defendant's claim of self-defense. Admitting the evidence was prejudicial error. Defendant's conviction for manslaughter and unlawful use of a weapon should be reversed."

In his motion for reconsideration, defendant for the first time provides the legal basis on which he relies for reversal of the weapon conviction:

"Self-defense is a defense to an unlawful use of a weapon. ORS 166.220(2)(b). The trial court's error affected his conviction for unlawful use of a weapon to the same extent that it affected his conviction for manslaughter."

---

[1] ORS 166.220(1) provides, in part:

"A person commits the crime of unlawful use of a weapon if the person:
"* * * * *

"(b) Intentionally discharges a firearm, blowgun, bow and arrow, crossbow or explosive device within the city limits of any city or within residential areas within urban growth boundaries at or in the direction of any person, building, structure or vehicle within the range of the weapon without having legal authority for such discharge."

■ ■  ORS 166.220(2)(b) provides that the offense of unlawful use of a weapon does not apply to "[p]ersons lawfully defending life or property as provided in ORS 161.219[.]" *Defendant's* brief cited ORS 161.219 but did not cite or discuss ORS 166.220(2)(b). Generally, before an appellate court may address an alleged error, the error must not only be preserved in the trial court but also must be raised by an assignment of error in the *opening* brief. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380, 823 P2d 956 (1991). However, even if we assume that defendant's argument in his brief was minimally sufficient to comply with that standard, we do not agree that the weapon conviction must be reversed.

There were two shooting incidents involved in this case, and the hearsay evidence that defendant claims warrants reversal of the weapon conviction relates to the second incident. There was evidence that, in the first incident, gunfire from a semi-automatic pistol came from the Cadillac in which defendant and McCallister were driving down the street. Three witnesses saw a gun barrel protruding out of the window of the Cadillac. Two of them testified that they saw muzzle flashes from the Cadillac and that at least one occupant of the Cadillac was shooting. There was evidence that Thompson shot back in response to the gunfire from the Cadillac. There was conflicting testimony. Defendant denied shooting in the first incident, and there was testimony that defendant was driving the Cadillac, that the barrel of a gun was protruding from the passenger side and that McCallister and defendant had gotten the guns after Thompson had shot at them in the first incident.

The indictment charging defendant with unlawful use did not limit the charge to the second incident, and defendant did not seek an instruction so limiting the charge.[2] The prosecutor's closing argument placed before the jury the

---

[2] The trial judge read to the jury the indictment, which restated the statutory language relating to unlawful use and which alleged that defendant,

"on or about December 14, 1992, in the County of Multnomah, State of Oregon, did unlawfully and intentionally discharge a firearm within the city limits of the City of Portland, at or in the direction of a person within the range of said weapon without having legal authority for such discharge * * *."

Defendant has pointed to no instruction limiting the charge of unlawful use to the second incident, and our review of the video record reveals that the jury instruction on that charge essentially restated the statutory elements.

issue of defendant's use of a weapon in the first incident.[3] On appeal, defendant has not shown why the jury would have had to conclude from the testimony that he either did not shoot or did so in self-defense. In short, defendant has not demonstrated reversible error on his conviction for unlawful use of a weapon.

Reconsideration allowed; opinion modified and adhered to as modified.

---

[3] During closing arguments, the prosecutor stated that two shooting incidents took place, the first involving a gunfight on a residential street. He outlined for the jury why it should believe the evidence that, in the first incident, there was "gunfire from the Cadillac," even though defendant claimed that he did not fire. The prosecutor argued that it "appears that the people from the Cadillac fired first." Whether or not that was so, there was gunfire from both sides.