Argued and submitted April 27, affirmed in part; vacated and remanded in part;
remanded for resentencing June 28, petition for review denied
September 5, 1995 (321 Or 560)

## STATE OF OREGON,
*Respondent,*

*v.*

## EDWIN OBED SCOTT,
*Appellant.*

(93-08-6195-C1; CA A82619)

899 P2d 697

Irene B. Taylor, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Defendant appeals his convictions for criminal conspiracy to commit tampering with a witness, ORS 161.450 and ORS 162.285, tampering with a witness, ORS 162.285, criminal conspiracy to commit assault in the second degree, ORS 161.450 and 163.175, and assault in the fourth degree, ORS 163.160. He argues that the court erred in excusing a juror, based on his codefendant's peremptory challenge, over his objection. He also argues that the trial court erred in failing to merge his conspiracy convictions with his convictions on the principal offenses. We affirm defendant's convictions for conspiracy to commit assault in the second degree and assault in the fourth degree, vacate his convictions for conspiracy to commit tampering with a witness and for tampering with a witness, and remand for entry of a corrected judgment imposing a single conviction for the latter offenses and for resentencing.

Defendant and his codefendant were tried jointly before a jury. During voir dire, the codefendant exercised a peremptory challenge against a prospective juror. Thereafter, and before the jury was impaneled and sworn, defendant objected, arguing, *inter alia*, that exclusion of the juror would be erroneous because, under ORS 136.250, he and the codefendant must agree on any peremptory challenge. The prosecutor concurred in that interpretation of the statute and urged the court to seat the juror. The court rejected defendant's arguments. Defendant then moved for a mistrial, which the court denied.

Defendant first assigns error to the court's denial of his motion for a mistrial. He argues that that denial flowed from a misreading of ORS 136.250(1). That statute provides:

"All peremptory challenges may be taken by the state or defendant, but when several defendants are tried together, they can not sever their challenges, but a majority must join therein."

Defendant contends that this statute is "clear and unambiguous" and requires that he and the codefendant agree to the exercise of a peremptory challenge. Thus, he reasons that, where, as here, two codefendants disagree as to whether to exercise a preemptory challenge, the challenge is ineffective

and that, consequently, the trial court erred in excluding the juror over his objections and in proceeding thereafter. The state responds that the statute's codefendant concurrence provision is inapposite because that provision applies only when there are "several defendants," and two (defendants) is not "several."

■■ We begin with the statute's text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). Words of common usage should be given their plain, natural, and ordinary meaning. *Id.* at 611. The critical textual dispute concerns "several" in ORS 136.250(1). Defendant contends that "several" means two or more defendants. The state contends that it means "more than two." The state's construction accords with the plain meaning. "Several" in common usage — *i.e.*, "several people had dinner" — means more than two.[1]

That construction is also consistent with statutory context in three respects. First, ORS 136.250(1) requires a "majority" of codefendants to concur in a preemptory challenge. Although "majority" can pertain to a group of only two (to the extent both agree), it pertains more commonly to classes with more than two members. Second, although subsection (1) of ORS 136.250 refers to "several" defendants, subsection (2) of the same statute refers to "two or more defendants." If the legislature had intended subsection (1) to apply to "two or more" defendants it clearly knew how to say so. But it did not. *See State v. Crumal*, 54 Or App 41, 45, 633 P2d 1313 (1981) ("Where the legislature uses different language in similar statutory provisions it is presumed to have intended a different meaning.").

Third, construing "several" as "more than two" is consistent with the allotment of peremptory challenges under ORS 136.250(2):

> "When two or more defendants are tried together, the number of peremptory challenges prescribed in ORS 136.230 shall be doubled, but in no case shall the total number of challenges exceed 12 for the state and 24 for the defense."

---

[1] Dictionary definitions contribute little to the analysis. Nonetheless, a cursory canvass of a half-dozen commonly used dictionaries yields a consensus definition: an indefinite number, more than two, but less than many.

Thus, when there are only two codefendants, each still receives his or her full allotment of peremptory challenges, *i.e.*, six apiece. When, however, three or more defendants are tried together, the total number of peremptory challenges remains the same — 12. In that circumstance, the procedure described in ORS 136.250(1) becomes important to ensure fairness among defendants. The statute's requirement of majority concurrence ensures that peremptory challenges reflect the will of most of the defendants sharing those challenges.

We conclude that "several" in ORS 136.250(1) refers to more than two codefendants. Consequently, the concurrence requirement of that statute did not bar the codefendant's exercise of a peremptory challenge over defendant's objections. The trial court did not err in denying defendant's motion for a mistrial.

■ Defendant next argues that the trial court erred in failing to enter a single conviction based on the jury's verdicts that he was guilty of conspiracy to commit tampering with a witness and tampering with a witness. Defendant did not raise that objection at trial. Nonetheless, the state concedes that the trial court erred in that regard, ORS 161.485(3),[2] and that the error is an error of law apparent on the face of the record. ORAP 5.45(2); *State v. Garratt*, 131 Or App 755, 885 P2d 757 (1994). We exercise our discretion to review the error, *State v. Jones*, 129 Or App 413, 879 P2d 881 (1994), vacate the two tampering-related convictions and remand for entry of a corrected judgment imposing a single conviction for those charges and for resentencing.

■ Finally, defendant argues that the trial court erred in failing to impose a single conviction based on the jury's verdicts finding him guilty of conspiracy to commit assault in the second degree and assault in the fourth degree. Again, defendant did not preserve that claim of error at trial. Again, defendant argues that the error is, nevertheless, reviewable as error apparent on the face of the record.

---

[2] ORS 161.485(3) provides, in part:

"A person shall not be convicted on the basis of the same course of conduct of both the actual commission of an offense and an attempt to commit that offense or solicitation of that offense or conspiracy to commit that offense."

The state challenges that characterization, contending that the proper application of ORS 161.485(3) when defendant conspired to commit one crime and actually committed a lesser included crime is not "obvious" and is a matter of "reasonable dispute." *State v. Farmer*, 317 Or 220, 224, 856 P2d 259 (1990). In particular, the state argues:

"ORS 161.485(3) prohibits entry of separate convictions for both the 'actual commission of an offense' and 'conspiracy to commit *that offense*.' What the statute means by 'that offense,' however, is unclear. If by that phrase the drafters meant to preclude separate convictions for conspiracy to commit a *particular* crime and *any* crime that resulted from the conduct or criminal episode that constituted the conspiracy, the trial court should have merged defendant's convictions. *Cf.* ORS 131.515(2), barring 'separate prosecution for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor * * *.' On the other hand, if by 'offense' the drafters meant a particular statutory violation, merger would not be required in this case, because assault in the second degree and assault in the fourth degree clearly are not the same. *See* ORS 161.505; ORS 161.062; ORS 161.067.

"The state has been unable to find any case which confronts directly whether ORS 161.485(3) requires a merger of a conviction for conspiracy to commit a particular crime with a conviction for a completed crime of lesser degree. The legislative commentary to the statute likewise is of little help in resolving that issue. There are legitimate policy reasons that would permit the legislature to conclude that a conviction for one crime should not be merged with a conviction for different crime, even though the completed crime stemmed from the same course of conduct as did the conspiracy.[9]

---

"9   The legislature might reasonably conclude, for example, that it would be inappropriate to merge a conviction for conspiracy to commit murder with a conviction for assault in the second degree. Where the planned crime differs significantly from its results, separate convictions arguably are necessary to reflect the conspirator's need for rehabilitation, as opposed to society's need to inflict just deserts for the actual harm to a victim." (Citation and footnotes omitted; emphasis in original.)

Without expressing any view as to the proper application of ORS 161.485(3) in the circumstances presented here, we agree with the state that defendant's third assignment of error implicates matters of reasonable dispute. Consequently, that assignment is not amenable to "plain error" review.

Convictions for conspiracy to commit assault in the second degree and for assault in the fourth degree affirmed; convictions for conspiracy to commit tampering with a witness and for tampering with a witness vacated and remanded for entry of a single conviction on those charges; remanded for resentencing.