Argued and submitted November 7, affirmed in part; vacated and remanded in part December 11, 1996

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID GREEN,
*Appellant.*

(950254C2; CA A91036)

929 P2d 1057

Steven B. Anderson argued the cause for appellant.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Defendant was convicted of conspiracy to commit rape in the first degree, conspiracy to commit rape in the second degree, conspiracy to commit sodomy in the first degree and conspiracy to commit sodomy in the second degree. ORS 161.450. He also was convicted of four counts of attempt that, if completed, would have culminated in the same crimes. ORS 163.365, ORS 163.375, ORS 163.395 and ORS 163.405. In addition, he was convicted of two counts of attempted sexual abuse in the first degree. ORS 163.427.

The trial court imposed sentences of 65 months on the conviction of conspiracy to commit rape in the first degree and five months on the conviction of conspiracy to commit rape in the second degree. It also sentenced defendant to 60 months on the conviction conspiracy to commit sodomy in the first degree. The trial court then merged the remaining convictions "for sentencing" and imposed a sentence of probation of 18 months on those convictions.

Defendant argues that, under ORS 161.485(2), the trial court erred in not merging his convictions for conspiracy and his convictions for attempts to commit the same substantive crimes. That statute provides:

> "A person shall not be convicted of more than one offense defined by ORS 161.405, 161.435 and 161.450 for conduct designed to commit or to culminate in commission of the same crime."

The state concedes that the trial court committed an error of law by not merging defendant's convictions for conspiracy and the attempt convictions. We agree. Accordingly, it is necessary to remand to the trial court for a corrected judgment. *State v. Scott*, 135 Or App 319, 899 P2d 697, *rev den* 321 Or 560 (1995); *State v. Rickards*, 133 Or App 592, 891 P2d 1383 (1995).

Defendant also raises a number of other assignments of error, which we affirm without discussion.

Convictions for attempted sexual abuse in the first degree affirmed; remaining convictions for attempts and for conspiracies vacated and remanded with instructions to

enter a total of four convictions on counts one through eight and for resentencing.