Submitted on record and briefs October 4, affirmed in part; reversed in part; remanded for resentencing November 27, 2002

# STATE OF OREGON,
*Respondent,*

*v.*

# DUANE D. MOORE,
*Appellant.*

## CR96639; A112157

58 P3d 847

David E. Groom, Acting Executive Director, Office of Public Defense Services, and Meredith Allen, Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Julie A. Smith, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

PER CURIAM

**PER CURIAM**

Defendant appeals his convictions for two counts of first-degree sodomy, ORS 163.405, and eight counts of first-degree sexual abuse, ORS 163.427. He assigns error to the trial court instructing the jury that first-degree sexual abuse is a lesser-included offense of first-degree sodomy. The state concedes that the trial court erred in instructing the jury that first-degree sexual abuse is a lesser-included offense of first-degree sodomy. We accept the state's concession. We affirm in part and reverse in part.

At the time of the trial, *State v. Dilts*, 28 Or App 393, 396, 559 P2d 1326 (1977), held that sexual abuse was a lesser-included offense of rape because "sexual contact is implicit in" rape. After the trial in this case, we decided *State v. Spring*, 172 Or App 508, 21 P3d 657 (2001). There, we held that *Dilts* had been superseded by the enactment of ORS 161.067(1). *Spring*, 172 Or App at 513. We further held that sexual abuse did not have the same elements as rape. *Id.* at 514. The same analysis applies to whether sexual abuse is a lesser-included offense of sodomy. The offense of sexual abuse requires touching for the purpose of arousing or gratifying the sexual desire of either party. ORS 163.305(6). The offense of sodomy requires deviate sexual intercourse and does not require proof of arousal or gratification of the sexual desire of either party. ORS 163.305(1). As a result, the trial court erred in instructing the jury.

Convictions for two counts of first-degree sodomy affirmed; convictions for eight counts of first-degree sexual abuse reversed; remanded for resentencing.