Argued and submitted November 6, reversed and remanded for resentencing; otherwise affirmed December 11, 2002

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID DOW PETTIGREW, JR.,
*Appellant.*

00CR0417; A113629

59 P3d 594

David J. Celuch argued the cause for appellant. With him on the brief were Oregon Appellate Consortium, Ltd. and Celuch, Ludwig & Forman, PC.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant appeals from his convictions and sentences on 32 counts of first-degree sexual abuse, ORS 163.427; 32 counts of second-degree sodomy, ORS 163.395; 31 counts of second-degree unlawful sexual penetration, ORS 163.408; 20 counts of second-degree rape, ORS 163.365; and three counts of third-degree sodomy, ORS 163.385. Defendant assigns error to the trial court's admission of certain testimony concerning the victim of the offenses, and also to the trial court's denial of his motion for a mistrial. We reject defendant's arguments on those assignments of error without discussion. Defendant also assigns error to the trial court's determination that he would not be eligible for early release or sentence reduction on any of his convictions. The state concedes that the trial court erred in that regard. As explained below, we accept the state's concession and, therefore, affirm defendant's convictions but reverse his sentences and remand for resentencing.

Defendant's convictions stem from his sexual abuse of a child beginning in 1994 and continuing through part of 1995. Some of the convictions concern events that occurred before the passage of Measure 11 (1994) (codified at ORS 137.700), which requires mandatory minimum sentences for some of the crimes for which defendant was convicted, and some occurred after the passage of that statute. The trial court properly calculated sentences pursuant to the sentencing guidelines for those convictions that occurred prior to Measure 11's enactment, and for the non-Measure 11 offenses. The trial court properly calculated Measure 11 sentences for the remaining offenses. However, the trial court also concluded that defendant should not be eligible for early release or sentence reduction on any of his convictions, pursuant to ORS 137.750.[1]

ORS 137.750 applies only to crimes that were committed on or after December 5, 1996. *State v. Woods*, 165 Or

---

[1] ORS 137.750(1) provides, in part, that a court, upon sentencing a defendant to a term of incarceration, may declare a defendant ineligible for "any form of temporary leave from custody, reduction in sentence, work release, alternative incarceration program or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible," if the court makes certain findings.

App 551, 553, 997 P2d 275 (2000). While Measure 11 contains limitations on early release that are similar to those found in ORS 137.750, no statutory basis exists for declaring defendant ineligible for "any form of temporary leave from custody, reduction in sentence, work release, alternative incarceration program or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible," ORS 137.750, with respect to his convictions that are not governed by Measure 11.

Reversed and remanded for resentencing; otherwise affirmed.