Argued and submitted November 26, vacated in part; remanded for resentencing in part; otherwise affirmed December 26, 2002

## STATE OF OREGON,
*Respondent,*

*v.*

## DALE WESLEY RUSSELL,
*Appellant.*

9911-39092; A112344

60 P3d 575

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Christina M. Hutchins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendant was convicted of one count each of conspiracy to possess, conspiracy to manufacture, and conspiracy to deliver methamphetamine. Defendant also was convicted of the underlying crimes of possession, manufacture, and delivery of methamphetamine. On appeal, defendant challenges the sufficiency of the evidence as to the convictions for conspiracy to manufacture, conspiracy to deliver, manufacture, and delivery of methamphetamine. We reject that challenge without discussion.

The state, commendably, points out that the trial court erred in entering judgment on all counts because, under ORS 161.485(3), a person "shall not be convicted on the basis of the same course of conduct of both the actual commission of an offense and * * * conspiracy to commit that offense." In this case, the state observes, defendant was convicted of possession, manufacture, and delivery of methamphetamine and of conspiracy to commit those crimes based on the same course of conduct. The trial court violated ORS 161.485(3) in entering judgment on both the conspiracy counts and the underlying crimes.

We previously have held that a violation of ORS 161.485(3) is error apparent on the face of the record and that it is appropriate for us to exercise our discretion to review such violations when they are brought to our attention. *State v. Scott*, 135 Or App 319, 323, 899 P2d 697, *rev den*, 321 Or 560 (1995); *State v. Jones*, 129 Or App 413, 416, 879 P2d 881 (1994). We reach the same conclusion in this case for the same reasons.

Convictions for conspiracy to possess, conspiracy to manufacture, and conspiracy to deliver methamphetamine vacated; remanded for resentencing; otherwise affirmed.