Argued and submitted October 31, 2002, vacated in part; remanded for
resentencing; otherwise affirmed January 8, 2003

STATE OF OREGON,
*Respondent,*

*v.*

JOSE ALFREDO LLANOS-MARTINEZ,
*Appellant.*

78808; A111093

60 P3d 1099

Rebecca Duncan, Deputy Public Defender, argued the cause for appellant. With her on the brief was David Groom, Acting Executive Director, Office of Public Defense Services.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

LINDER, J.

## LINDER, J.

Defendant appeals his conviction of failure to perform the duties of a driver when property is damaged in a motor vehicle accident, ORS 811.700, challenging the trial court's award of $5,234.10 in restitution to the driver of one of the vehicles involved in the accident. We agree with defendant that, on the record before us, that restitution award was erroneously imposed. We therefore vacate the award and remand for further proceedings.

As we will explain later, the pertinent facts are not fully developed. To the extent that they are developed, they are not disputed. Defendant was traveling southbound on a rural highway when he veered across the center line, causing his car to collide with Alan Smith's vehicle, which was traveling northbound in the opposite lane. Apparently as a result of the impact, defendant drove off the road and onto the road's shoulder, where his car came to a stop. The vehicle traveling directly behind Smith was forced into a ditch to the side of the road. Defendant and his girlfriend, who was his passenger, then fled on foot. After they did so, a fourth vehicle approached the accident scene and collided with defendant's stopped and unattended car. The impact caused the fourth car to roll over. The driver of that car, Mary Nilsson, incurred approximately $417 in out-of-pocket expenses for lost property and $4,817 in medical bills and lost wages.

As part of its sentencing recommendation, the state requested restitution to Smith, the driver of the vehicle that defendant initially hit, as well as to Nilsson. Defendant agreed to pay restitution to Smith but disputed the trial court's authority to award restitution to Nilsson. At a hearing on his objection, defendant argued:

"Now, the statute that's at issue that will allow restitution in this case is not the typical restitution statute. It is instead ORS 811.706. And I have attached a copy of that statute with the materials I gave to the Court.

"And it says when a person [is convicted of] violating ORS 811.700 * * *, the Court may order the person [to pay an] amount of money equal to the amount of any damages

caused by the person as a result of the incident that created the duties in ORS 811[.700].

> "The incident that created the duty was the crash with Smith [the vehicle in the northbound lane]. So, in my reading of the statute, the only restitution that can be ordered is damages that resulted from that initial incident. So, in other words, only restitution to Mr. Smith."

In addition to arguing that Nilsson's collision with defendant's vehicle was not an incident that created any duties under ORS 811.700, defendant also argued that the evidence did not establish that defendant "caused" Nilsson's vehicle to collide with his own. The trial court disagreed, explaining:

> "Had you [defendant] been able to stay, perhaps you would have flagged down the oncoming cars or waved a light or flare and avoided the collision of the other parties.

> "Because I believe there is a direct causal relationship between [defendant] leaving and all of the collisions that occurred between all the vehicles that arose by his initial collision of crossing the center line, I will not accept [defense counsel's] requests."

The trial court therefore ordered defendant to pay restitution to Nilsson and her insurer in the amount requested by the state.

■■ On appeal, defendant renews his argument that the restitution award was not authorized by the terms of ORS 811.706, which pertains to awards of restitution in so-called "hit and run" cases. The state concedes that, insofar as ORS 811.706 is concerned, defendant is correct that the statute does not authorize the restitution award to Nilsson. In that regard, the state acknowledges that the only restitution statute discussed at the sentencing hearing by the parties or by the trial court was ORS 811.706. The state further argues, however, that a different statute—ORS 137.106, which pertains to restitution awards generally—provides authority for the award. We begin by explaining why we accept the state's concession that the award is not authorized by ORS 811.706. We then turn to the state's alternative theory for affirmance of the award and explain why we decline to resolve the case on that ground.

ORS 811.706 was enacted in 1995 to fill a gap in the trial courts' restitution authority for convictions under ORS 811.700, the so-called "hit-and-run" statute. *See State v. Kappelman*, 162 Or App 170, 174, 986 P2d 603 (1999) (discussing the genesis of ORS 811.706). Before 1995, trial courts had authority pursuant to ORS 137.106, the general restitution statute, to impose restitution only for pecuniary damages that "result" from a person's criminal activities. *See State v. Eastman/Kovach*, 292 Or 184, 189-90, 637 P2d 609 (1981). In other words, a restitution award required a causal nexus between the crime and the damages suffered. That limitation proved to be significant in hit-and-run cases, where the criminal activity consists of leaving a vehicular accident scene without performing the duties specified in ORS 811.700; neither involvement in the accident nor causing the accident is itself a criminal act. Consequently, before the legislature expanded the trial courts' restitution authority, a defendant convicted of hit-and-run could not be required to pay restitution for damages that resulted from the accident, even if the defendant "caused" the accident. Rather, restitution could be awarded only for pecuniary losses, if any, caused by the criminal activity of failing to perform the specified duties (*i.e.*, immediately stopping; exchanging information with the other drivers) at the accident scene. *See generally id.*

The legislature enacted ORS 811.706 in 1995 to expand the trial courts' restitution authority in hit-and-run cases. The statute provides:

> "When a person is convicted of violating ORS 811.700 or 811.705, the court, in addition to any other sentence it may impose, may order the person to pay an amount of money equal to the amount of any damages caused by the person as a result of the incident that created the duties in ORS 811.700 or 811.705."

As we observed in *Kappelman*, "[s]tated simply, if a defendant convicted of hit and run 'caused' the accident [that created the duties under ORS 811.700], then the defendant may be ordered to pay restitution for damages resulting from the accident." 162 Or App at 174.

In this case, as defendant argues and as the state concedes, defendant's duties under ORS 811.700 arose as a result of the initial collision with Smith's vehicle in the northbound lane, not the collision that occurred when Nilsson drove into defendant's stopped vehicle. ORS 811.700 imposes accident scene duties only on "the driver of any vehicle" involved in an accident that falls within the statute's scope.[1] Defendant had fled the scene on foot and was not driving his vehicle when Nilsson's vehicle came onto the accident scene and collided with defendant's stopped and unattended car. The collision of Nilsson's and defendant's vehicles therefore did not impose any duties on defendant under the statute. So even assuming, as the trial court found, that defendant "caused" Nilsson to collide with his car by not remaining at the scene to warn approaching cars of the accident, ORS 811.700 was not a source of authority for a restitution award to Nilsson.

The state defends the restitution award, however, on an alternative theory not argued below—that is, that the award is authorized under the general restitution statute, ORS 137.106. As already described, ORS 137.106 permits a sentencing court to impose restitution for pecuniary damages that result from a person's criminal activities. In a hit-and-run case, the criminal activity is leaving the scene of an accident without performing the duties specified in ORS 811.700. Consequently, if defendant's failure to perform any of the duties specified under the statute caused Nilsson's pecuniary damages, the general restitution statute, rather than ORS 811.706, would provide authority for the award.

■    The parties take opposing views on the adequacy of the record to establish that defendant's failure to perform any of the statutorily prescribed duties was the cause of

---

[1] For example, ORS 811.700(1) provides, in part:

"A person commits the offense of failure to perform the duties of a driver when property is damaged *if the person is the driver of any vehicle* and the person does not perform duties required under any of the following:

"(a) *If the person is the driver of any vehicle* involved in an accident that results only in damage to a vehicle that is driven or attended by any other person the person must perform all of the * * * duties [specified in the statute.]"

(Emphasis added.) The other sections of the statute similarly depend on the person being the driver of a vehicle involved in an accident. *See* ORS 811.700(1)(b) and (c).

Nilsson's pecuniary damages. In particular, the state urges that a driver's duties under ORS 811.700 include not only immediately stopping his or her vehicle at the accident scene but doing so "without obstructing traffic more than is necessary." ORS 811.700(1)(a)(A).[2] According to the state, implicit in the trial court's award of restitution was a determination that defendant left his car in a position that created an unnecessary hazard to other drivers, thus violating the statute.[3] In response, defendant urges that the record is inadequate to demonstrate that defendant's car was stopped in such a way as to obstruct traffic at all, let alone to obstruct it more than necessary.

We decline to resolve this case on the state's alternative theory for affirmance for two reasons. First, the record is not well developed as to precisely where defendant's car was stopped, why Nilsson's car hit it, or whether and to what degree defendant's vehicle was obstructing traffic. Moreover, the record contains nothing regarding defendant's need to stop where he did. For example, the record is silent as to whether the vehicle was operable, which would have bearing on whether any obstruction caused by where his vehicle was stopped was "unnecessary." The record therefore might have developed differently if a restitution award pursuant to ORS 137.106 had been raised and considered below. *See Outdoor*

---

[2] ORS 811.700(1)(a)(A) requires a driver to "[i]mmediately stop the vehicle at the scene of the accident or as close thereto as possible." It continues by stating that "[e]very stop required under this subparagraph shall be made without obstructing traffic more than is necessary." *Id.* For present purposes only, we accept the state's position that parking a vehicle in a way that obstructs traffic unnecessarily is an independent violation of the statute, apart from whether the driver performs the other duties described in the statute (*e.g.,* to stop immediately, exchange information with other drivers, locate owners of damaged property). We do not decide that issue, however.

[3] Defendant was not charged and did not plead guilty to hit-and-run based on allegations that he failed to stop and position his stopped car as safely as possible to the side of the road. But a restitution award is not limited to a defendant's criminal conduct as pleaded. Rather, it can also be based on damages resulting from criminal conduct admitted by the defendant or factually established to the trial court's satisfaction. *See* ORS 137.103(1) (defining criminal activities as "any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant"); *Kappelman,* 162 Or App at 175 (restitution award can be based on guilty plea, a defendant's admissions, or factual findings supported by the record).

*Media Dimensions Inc. v. State of Oregon,* 331 Or 634, 660, 20 P3d 180 (2001).

Our second reason for declining to resolve this issue on the state's alternative theory is that any award of restitution under ORS 137.106 would be discretionary with the trial court. *State v. Edson,* 329 Or 127, 132, 985 P2d 1253 (1999). The record in this case provides no basis to conclude that the trial court perceived itself to be imposing restitution under that statute. The trial court, in the first instance, should determine whether to do so, assuming that the statute is otherwise satisfied. *See State v. Dugan,* 177 Or App 545, 553-54, 34 P3d 726 (2001).

Restitution award in the amount of $5,234.10 vacated; remanded for resentencing; otherwise affirmed.