Argued and submitted December 23, 2002, reversed and remanded in part;
otherwise affirmed April 3, 2003

# STATE OF OREGON,
*Respondent,*

*v.*

# GREGORY LEE RODVELT,
*Appellant.*

## 99CR1282MA; A112624

66 P3d 577

Rankin Johnson IV, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Laura S. Anderson, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Kistler, Judge.

DEITS, C. J.

Edmonds, P. J., concurring in part and dissenting in part.

**DEITS, C. J.**

Defendant was convicted of two counts of first-degree criminal mistreatment, ORS 163.205, and two counts of fourth-degree assault, ORS 163.160. Defendant first argues on appeal that the trial court erred in denying his motion for judgment of acquittal and his motion in arrest of judgment on the criminal mistreatment counts on the ground that the victim, defendant's 15-year-old son, was not a "dependent person" within the meaning of ORS 163.205. We reject defendant's arguments concerning ORS 163.205 without discussion. Defendant also argues, however, that the trial court erred in failing to merge the fourth-degree assault convictions into the first-degree criminal mistreatment convictions because all of the elements of fourth-degree assault are necessarily included in the type of criminal mistreatment with which defendant was charged. The state agrees that the trial court erred in failing to merge those convictions. We find the state's concession to be well founded and accept it. Thus, the only question remaining concerns the disposition of this case.

■ Defendant requests that this court remand "for merger of the two convictions for assault in the fourth degree into the convictions for criminal mistreatment in the first degree." The state suggests that defendant's convictions for first-degree criminal mistreatment should be affirmed and "this case should be remanded for resentencing." The dissent concludes that a remand is not necessary under these circumstances and that the proper disposition is to vacate the convictions for fourth-degree assault and affirm the convictions for first-degree criminal mistreatment, with no resentencing.

■ As explained below, we conclude that vacating the fourth-degree assault convictions without remand is not the proper disposition of a case where the trial court has erroneously failed to merge convictions. A trial court's failure to merge convictions is "an error that requires resentencing" within the meaning of ORS 138.222(5). In sum, we affirm the propriety of our past practice of remanding to the trial court

for merger of convictions and for resentencing under circumstances such as these.[1]

ORS 138.222 provides, in part:

"(1) Notwithstanding the provisions of ORS 138.040 and ORS 138.050, a sentence imposed for a judgment of conviction entered for a felony committed on or after November 1, 1989, may be reviewed only as provided by this section.

"* * * * *

"(5) The appellate court may reverse or affirm a sentence. If the appellate court concludes that the trial court's factual findings are not supported by evidence in the record or do not establish substantial and compelling reasons for a departure, it shall remand the case to the trial court for resentencing. If the appellate court determines that the sentencing court, in imposing a sentence *in the case*, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing. The sentencing court may impose a new sentence for any conviction in the remanded case."

(Emphasis added.)

Defendant's two fourth-degree assault convictions, which the trial court erroneously failed to merge into the greater offenses, are not felonies but misdemeanors. Thus, our review of those sentences is not governed by ORS 138.222(1), which pertains only to felonies committed after November 1, 1989. ORS 138.222(5), however, applies whenever "the appellate court determines that the sentencing court, in imposing *a* sentence in *the case*, committed an error that requires resentencing[.]" (Emphasis added.) Thus, by its terms, the statute is not limited to errors in imposing a sentence for a felony conviction but applies when *any* sentence in

---

[1] The dissent does not dispute that the practice of our appellate courts has been to remand for merger of convictions and for resentencing when we determine that a court erroneously failed to merge convictions. *See, e.g., State v. Barrett,* 331 Or 27, 10 P3d 901 (2000); *State v. Wilkins,* 175 Or App 569, 29 P3d 1144, *rev den,* 333 Or 74 (2001); *State v. Reiland,* 153 Or App 601, 958 P2d 900 (1998); *State v. Wright,* 150 Or App 159, 945 P2d 1083 (1997), *rev den,* 326 Or 390 (1998); *State v. Green,* 145 Or App 175, 929 P2d 1057 (1996); *State v. Scott,* 135 Or App 319, 899 P2d 697, *rev den,* 321 Or 560 (1995).

the case was erroneous. Clearly, the sentencing court here erred in imposing "a sentence in the case," because, as the state has conceded, it should have merged the convictions for fourth-degree assault into the convictions for the greater offenses, and should not have imposed sentences *at all* for the fourth-degree assault convictions.[2] The question, then, is whether the error in question is one that "requires resentencing." ORS 138.222(5).

■    Given the way that sentences are calculated under the felony sentencing guidelines, we conclude that, when some but not all convictions in a case are reversed, there necessarily has been an "error in imposing a sentence in the case," and such an error "requires resentencing." That is so because felony sentencing under the guidelines is complex, and the way that one conviction is sentenced affects how the remaining convictions are classified on the sentencing guidelines grid for purposes of determining what sentences may be imposed on those convictions.

The following examples demonstrate some of the ways in which this can occur and why the dissent's approach is fundamentally flawed.

*Example A*: A defendant is convicted of criminally negligent homicide, felon in possession of a firearm, and third-degree robbery, all arising from the same criminal episode. Each of those felonies is subject to sentencing under the sentencing guidelines, and thus each offense must be placed on the sentencing guidelines grid. This defendant has three previous convictions for "person" felonies, and thus his criminal history score is "A" on the guidelines grid. Because all of the current crimes being sentenced arose from the same criminal episode, the court must apply the "shift-to-column-I" rule, OAR 213-012-0020(2)(a)(B), to determine where the convictions should be placed on the sentencing guidelines grid. The most serious—or "primary"—offense, is criminally

---

[2] The dissent seems to take the position that the legislature intended an error "in imposing a sentence in the case" to include only sentencing errors for which the underlying convictions are being affirmed. There is no textual support in ORS 138.222(5) or elsewhere for such a conclusion. To add such an implicit limitation to the statute would be "to insert what has been omitted," ORS 174.010, which the legislature has instructed us not to do.

negligent homicide, which is classified in crime seriousness category 8. Because of the defendant's criminal history, that crime is placed in grid block 8A, and carries a presumptive sentence of 41 to 45 months. However, because the other two offenses arose from the same criminal episode, they must be placed in column I on the sentencing grid as if the defendant had no criminal history at all, resulting in a presumptive sentence of three to six months for the felon in possession of a firearm conviction (under grid block 6I) and two to four months for the third-degree robbery conviction (under grid block 5I). Thus, if the court chose to impose consecutive presumptive sentences, those sentences would total 46 to 55 months.

If, on the other hand, the trial court granted a motion for judgment of acquittal on the negligent homicide charge for that same defendant, but convicted him of felon in possession of a firearm and third-degree robbery, the felon in possession conviction would be the "primary" offense and would be classified under grid block 6A, for which the presumptive sentence would be 25 to 30 months, and the third-degree robbery would remain in grid block 5I under the shift-to-column I rule and the presumptive sentence would be two to four months. Thus, the total presumptive consecutive sentences would be between 27 and 34 months.

And here is where we get to the problematic aspect of the dissent's approach: Assume that the defendant was convicted of all three crimes and received consecutive presumptive sentences of 46 to 55 months. Further, hypothesize that, on appeal, we concluded that the trial court should have granted the defendant's motion for judgment of acquittal on the negligent homicide charge. If the defendant had won on that issue in the trial court, he would have received presumptive consecutive sentences of 27 to 34 months for his remaining convictions as explained above; if, however, he wins *on appeal* on the same issue, under the dissent's approach, the defendant's sentences on the remaining convictions will be only five to ten months, because both were originally sentenced under the shift-to-column-I rule. It is nothing short of ridiculous to say that there is no "error" in those sentences, when the offense that should have been the "primary" offense for sentencing purposes and should have been classified in

column A was incorrectly classified in column I—resulting in a difference of nearly *two years* in the sentence.

The dissent's simplistic approach does not necessarily favor criminal defendants. Also possible is the following scenario:

*Example B*: A defendant who has no previous criminal history is convicted of third-degree assault committed in January, supplying contraband committed in February, and driving under the influence of intoxicants (DUII) committed in March. Each crime is from a different "criminal episode" for sentencing guidelines purposes, but all are being sentenced at the same time. As provided in *State v. Bucholz*, 317 Or 309, 855 P2d 1100 (1993), the conviction for the crime committed in January is used to determine the criminal history for placing the February crime on the sentencing guidelines grid, and the convictions for both the January and February crimes are used for placing the March crime on the sentencing guidelines grid. Thus, a trial court imposing consecutive presumptive sentences under these circumstances will classify the third-degree assault conviction in grid block 6I and impose a presumptive sentence of three to six months because the defendant had no criminal history when he committed that crime. It will, however, classify the supplying contraband conviction in grid block 5D (changing the defendant's criminal history score to take into account the assault conviction) and impose a presumptive sentence of nine to ten months, and will classify the DUII in grid block 6C (again changing the criminal history score) and impose a presumptive sentence of 15 to 18 months. Thus, the total presumptive consecutive sentences would be between 27 and 34 months.

If, however, the defendant persuades this court on appeal that the trial court erred in denying his motion for judgment of acquittal on the third-degree assault charge, under the dissent's approach, we would simply vacate that conviction, leaving in place the presumptive consecutive sentences for the other two crimes, totaling 24 to 28 months, despite the fact that those sentences had been incorrectly classified on the sentencing guidelines grid due to the erroneous inclusion of the assault in the defendant's criminal history. On the other hand, had the trial court correctly granted

the defendant's motion for judgment of acquittal on the assault charge in the first instance, it would have imposed a presumptive sentence for the supplying contraband conviction under grid block 5I of two to four months, and a presumptive sentence for the DUII conviction under grid block 6G of three to six months, for total consecutive sentences of five to ten months. In short, if the dissent is correct, the defendant who wins on this issue on appeal rather than in the trial court will nevertheless serve between one and two years *more* on his remaining sentences than would the defendant who was correctly sentenced in the first instance.

A criminal defendant should not be arbitrarily penalized or rewarded with sentences that were calculated incorrectly, simply because the error that caused the miscalculation came to light on appeal. In sum, the dissent is flatly wrong in suggesting that sentencing errors that flow from erroneous convictions are not the type of "sentencing errors" addressed by ORS 138.222(5). As shown by our examples above, reversal of a conviction often has a great deal to do with the sentencing of other offenses, and thus the dissent's proposition that those other sentences are not affected by the error is incorrect.

We conclude that the only plausible interpretation of the statutory language, "in imposing a sentence in the case, committed an error," ORS 138.222(5), is that it includes situations in which, but for the error, the trial court would have classified the remaining convictions differently for purposes of imposing sentencing guidelines sentences.

It is, frankly, not always easy for this court to discern whether, and to what extent, an error has affected the actual sentences on the remaining convictions. The parties do not necessarily include such information in their briefs, as it may well be quite tangential to the issues raised on appeal. Often, the information pertaining to the defendant's criminal history is contained in a presentence investigation report that may not be a part of the record on appeal. In this case, for example, defendant's misdemeanor fourth-degree assault convictions should have merged with the greater offenses, and thus he had two Class A misdemeanors attributed to him that he should not have had. Two Class A misdemeanors

"shall be counted as one adult conviction of a person felony for criminal history purposes." OAR 213-004-0008. It is not clear on this record what criminal history the court had before it when it sentenced defendant; it appears from a sentencing memorandum that a presentencing investigation report was before the court—although it is not in the record on appeal— and that defendant was challenging its "criminal history." Moreover, it is not clear from the judgment (a) which convictions the court treated as stemming from different criminal episodes, or (b) whether or how its failure to merge the assault convictions affected its sentencing on the felony criminal mistreatment convictions. Given the date on which one of the assaults was alleged to have occurred, it appears likely that that assault conviction would have been counted toward defendant's criminal history score for placement of one of the criminal mistreatment convictions on the guidelines grid.[3]

In sum, we simply lack the information necessary to discern whether, or how, the court's failure to merge defendant's assault convictions affected the *actual sentences* that the court imposed on defendant's remaining convictions. We can say, however, that the error necessarily affected how the remaining convictions were classified for purposes of sentencing. Given that conclusion, the error in imposing sentences on the misdemeanor assault convictions was error that "requires resentencing." ORS 138.222(5). The trial court's error in imposing sentences for the assaults means that, under ORS 138.222(5), we must remand "the entire case" for resentencing. *Id.*

Reversed and remanded for entry of judgment merging two convictions for fourth-degree assault into two convictions for first-degree criminal mistreatment and for resentencing; otherwise affirmed.

**EDMONDS, P. J.,** concurring in part and dissenting in part.

---

[3] The court made the sentences on the two criminal mistreatment convictions consecutive to one another, and it imposed sentences of 36 months' probation on each. On one of those convictions, it indicated that the sentence was a downward departure sentence under the guidelines.

I agree with the majority's rejection of defendant's arguments under ORS 163.205 and with its conclusion that the trial court erred by failing to merge the fourth-degree assault convictions into the first-degree criminal mistreatment convictions. I disagree, however, with its decision to remand the entire case for resentencing rather than simply vacating the assault convictions. Although that action is consistent with previous cases, it is inconsistent with our statutory authority.

The fundamental flaw in the majority's analysis is its failure to read ORS 138.222(5) in its appropriate context. Although we have relied on the statute in the past, we have never examined it to determine whether it authorizes a remand in the circumstances of this case.[1] When the statute is read in context, it becomes apparent that the statutory language and purpose authorize us to remand an entire case for resentencing only when there was an error in the original sentence. There is no such error in this case once the judgments for the lesser-included offenses are vacated; the remaining sentences for the primary convictions remain and are error free. It follows that we therefore have no authority to remand under the plain language of the statute.

ORS 138.222(5) provides:

"The appellate court may reverse or affirm the sentence. If the appellate court concludes that the trial court's factual findings are not supported by evidence in the record or do not establish substantial and compelling reasons for a departure, it shall remand the case to the trial court for resentencing. If the appellate court determines that the

---

[1] We have previously remanded cases for resentencing, after reversing at least one conviction and affirming others, even though there was no dispute about the sentences themselves. At first we expressly relied on ORS 138.222(5). *See, e.g., State v. Wrisley*, 138 Or App 344, 909 P2d 877 (1995), *rev den*, 327 Or 521 (1998); *State v. Morales*, 137 Or App 616, 905 P2d 256 (1995); *State v. Taylor*, 133 Or App 503, 892 P2d 697, *on recons*, 134 Or App 501, 895 P2d 357 (1995). More recently we have remanded without citing any authority for doing so. *See, e.g., State v. Russell*, 185 Or App 488, 60 P3d 575 (2002), *rev den*, 335 Or 402 (2003); *State v. Moore*, 185 Or App 229, 58 P3d 847 (2002). In accordance with the statute, we routinely remand the entire case for resentencing when all of the convictions are valid but there was an error in imposing the sentence on one or more of them. *See, e.g., State v. Llanos-Martinez*, 185 Or App 597, 60 P3d 1099 (2003); *State v. Pettigrew*, 185 Or App 313, 59 P3d 594 (2002).

> sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing. The sentencing court may impose a new sentence for any conviction in the remanded case."

The legislature adopted ORS 138.222 in 1989 as part of the statute that implemented the state felony sentencing guidelines. Or Laws 1989, ch 790. The purpose for that portion of the statute, which was section 21 of the original enactment, was to establish the scope of an appellate court's authority in reviewing a felony sentence. The first four subsections, ORS 138.222(1) to 138.222(4), describe the specific kinds of sentences that are subject to appellate review and the specific issues that the appellate court may consider. ORS 138.222(5) then describes what the appellate court may do when it reviews a sentence. The first two sentences of the subsection were part of the statute as originally enacted in 1989. The first sentence authorizes the appellate court either to reverse or affirm the sentence, while the second sentence authorizes the court to review the findings supporting the trial court's decision to depart from the presumptive guidelines sentence and to remand the case for resentencing if those findings are inadequate. Those two sentences are unquestionably limited to appellate review of sentences, and they give authority to remand only if there is an error in the sentence. They give no authority to remand if there is an error in some other aspect of the conviction, such as the failure to merge convictions.

After the enactment of ORS 138.222, we decided *State v. Smith*, 116 Or App 558, 842 P2d 805 (1992). In *Smith*, the state conceded that the trial court erred in imposing sentences on a number of the defendant's convictions under the sentencing guidelines. There was no error in the sentences for the other three convictions, nor were there any other errors in those convictions. The state argued that we should remand all of the convictions—including those in which there was no sentencing or other error—for resentencing to permit the trial court to fashion new sentences that could be equivalent to the original total sentence, thus achieving the court's original sentencing purpose. We rejected the state's argument, holding instead that ORS 138.222(5) did not authorize us to permit the trial court to

impose new sentences for offenses for which it had already imposed lawful sentences. *Id.* at 560.

The next year, 1993, the legislature amended ORS 138.222(5) to add the third and fourth sentences to the statute. Or Laws 1993, ch 692, § 2. The 1993 amendment requires the appellate court, if it "determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing," to remand the entire case, not simply the convictions in which the sentencing error occurred, to the trial court. That court may then "impose a new sentence for any conviction in the remanded case." The legislature thereby granted the appellate courts the authority that they did not have at the time of *Smith*. The new portions did not alter the subsection's focus on appellate review of sentences; they simply permitted a broader remand if the appellate court found error in the sentence imposed.

The text and context of ORS 138.222(5), thus, show that it regulates appellate review of sentences, not of the underlying convictions. That is the purpose of the statute of which subsection (5) is a part. When read in its entirety, the statute requires a remand of the entire case only if the trial court, *in imposing the sentence*, committed an error *that requires resentencing*. It necessarily follows that only an error that involves the sentence itself will require resentencing. Here, there was no error in the imposition of sentence of the lesser-included convictions. Rather, the error was in the entry of the lesser-included convictions themselves.

This is where the majority makes its fundamental error. The foundation of its analysis is in the following statement:

> "Clearly the sentencing court here erred in imposing a 'sentence in the case,' because, as the state has conceded, it should have merged the convictions for fourth-degree assault into the convictions for the greater offenses, and should not have imposed sentences *at all* for the fourth-degree assault convictions."

187 Or App at 132. The majority, thus, treats the entry of *any* sentence, no matter how correct, as error if there was actually error in the entry of a *conviction*. In this case, for

instance, the sentences that the court imposed on the fourth-degree assault counts were clearly within its authority and not subject to being questioned on appeal. The problem is not in the sentences but in the convictions. The majority nevertheless concludes that the entry of an improper conviction is an "error in sentencing." Not only is there nothing in ORS 138.222(5) that supports that conclusion, but the second sentence—which operates as a predicate to the third and fourth sentence and which requires error in the applications of the sentencing guidelines—is directly contrary to it.

After making that fundamental error, the majority concludes that the issue is whether the error in failing to merge the assault convictions is an error that " 'requires resentencing.' " 187 Or App at 132. The majority is again clearly incorrect. The lesser-included assault convictions no longer exist; there is nothing whatever for the trial court to do with them on remand, let alone enter new sentences. The error in failing to merge the convictions does not "require resentencing." The majority then describes hypothetical situations in which a change in a person's sentences could affect the working of the guidelines. Those hypotheticals may be interesting—they may even be deserving of legislative consideration—but they have nothing to do with this case. As we held in *Smith*, our authority to review sentences is limited to what the statute provides, and the statute, even as amended, does not provide authority to remand so that the trial court may "re-sentence on offenses for which sentences have already been lawfully imposed," 116 Or App at 560, when there is no sentencing error.

It is at this point that the analysis ought to end. A straightforward reading of the statute permits only one result. No remand for resentencing is authorized under the above circumstances. Nonetheless, the majority uses its hypotheticals as a springboard, contending that the obvious meaning of the statute produces a result that the legislature would not have intended and that the obvious meaning might be unfair either to the state or to the defendant. Essentially, the majority's argument is that the plain reading of the statute could produce an absurd result. Such an argument is relevant *only if neither the text and context of the statute nor its legislative history provides an unambiguous meaning. State*

*v. Vasquez-Rubio*, 323 Or 275, 282-83, 917 P2d 494 (1996); *Duree v. Blair*, 179 Or App 534, 542, 40 P3d 540 (2002); *Fleetwood Homes v. Van Wechel*, 164 Or App 637, 642, 993 P2d 171 (1999). In this case, the statute is clear, and it is not necessary to determine how realistic or frequent the situations that the hypotheticals describe might be; they should play no role in our decision as a matter of law.

The error in this case—failing to merge a lesser-included offense with the greater offense—is an error in entering the conviction, not in imposing the sentence. That is, the conviction on the lesser-included offense is erroneous, without regard to whatever sentence the court may impose on it, because the court does not have the authority to impose *any* sentence on that offense. Although one effect of an appellate reversal or vacation of fewer than all convictions in a case with multiple convictions may be to eliminate a portion of the total sentence, that is the natural consequence of the reversal; it does not turn the error that required the reversal into an error in imposing sentence.

In short, the words of the statute, read in their context, make it clear that we are to remand the entire case for resentencing only when we reverse because of an error in the original sentencing itself.[2] I would hold that our previous practice has been incorrect and that we should not continue to follow it. Rather, consistently with ORS 138.222(5), we should remand the entire case for resentencing only when we determine that the trial court erred in imposing all or part of the original sentence.

Respectfully, I dissent.

---

[2] If we were to reverse all of a defendant's convictions on the merits, any remand would be for a new trial, not for resentencing. The fact that we reverse or vacate only some convictions on the merits and affirm others does not make that reversal a basis for resentencing on the convictions that we affirm.