Submitted on record and briefs January 4, reversed and remanded for entry of judgment merging conviction for unlawful prostitution procurement activities with conviction for prostitution and for resentencing; otherwise affirmed March 19, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANDREW NELSON, JR.,
*Defendant-Appellant.*

Multnomah County Circuit Court
050545597; A130648

180 P3d 133

Garrett A. Richardson filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kay E. McDonald, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals his convictions for prostitution, ORS 161.405, and unlawful prostitution procurement activities, Portland City Code (PCC) 14A.40.050. His sole assignment of error pertains to the trial court's failure to merge the conviction for unlawful prostitution procurement activities into the prostitution conviction. He argues that the ordinance prohibits the same conduct as attempted prostitution and that, under ORS 161.485(3), the conviction for the inchoate crime must be merged into the completed crime. The state concedes the error and the need to correct it. For the following reasons, we accept the concession and reverse and remand with instructions to merge the two convictions.

The relevant facts are not in dispute. Defendant offered money to an undercover police officer in exchange for sex. He was charged with prostitution and unlawful prostitution procurement activities. A jury convicted him on both counts. The trial court entered a judgment of conviction on each of the two counts. Defendant did not object to the court's failure to merge the convictions. On appeal, he argues that the trial court committed plain error in failing to merge the convictions.

ORS 161.485(3) provides that "[a] person shall not be convicted on the basis of the same course of conduct of both the actual commission of an offense and an attempt to commit that offense or solicitation of that offense or conspiracy to commit that offense."

PCC 14A.40.050(B) provides that "[i]t is unlawful for any person to engage in any prostitution procurement activity with an intent to induce, entice, solicit, procure, locate, or contact another person to commit an act of prostitution." The ordinance further provides that "prostitution procurement activity" means "any conduct * * * that constitutes a substantial step in furtherance of an act of prostitution." PCC 14A.40.050(A). "Prostitution" is defined elsewhere in the Portland City Code as "engaging in, offering, or agreeing to engage in sexual conduct or sexual contact in return for a fee or paying, offering, or agreeing to pay a fee to engage in sexual conduct or sexual contact." PCC 14A.40.040(A)(1).

ORS 167.007(1) provides that a person commits the crime of prostitution if the person "engages in or offers or agrees to engage in sexual conduct or sexual contact in return for a fee" or if the person "pays or offers or agrees to pay a fee to engage in sexual conduct or sexual contact." ORS 161.405(1) then provides that a person is guilty of an attempt to commit a crime if the person "intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

Thus, both the Portland City Code and the state statute make it a criminal offense to take a substantial step toward committing an act of prostitution, which both the ordinance and the statute define in nearly identical terms. There is no meaningful distinction between the crime of unlawful prostitution procurement activities and attempted prostitution. When defendant was convicted of the former, therefore, it was the functional equivalent of the latter. *Cf. State v. Krueger*, 208 Or App 166, 169-70, 144 P3d 1007 (2006) (PCC 14A.40.050 is not preempted by state law because it prohibits the same conduct as the state crime of attempted prostitution).

Defendant was, however, also convicted of the *completed* offense of prostitution for the same conduct. ORS 161.485(3) prohibits the entry of separate convictions on the same conduct of both an attempt to commit an offense and the actual commission of the offense. It necessarily follows that the trial court erred in entering separate convictions in this case.

As we have noted, defendant did not object to the failure of the trial court to merge the convictions. In *State v. Russell*, 185 Or App 488, 490, 60 P3d 575 (2002), *rev den*, 335 Or 402 (2003), however, we observed that, in a fairly long line of cases, we have held that a violation of ORS 161.485(3) "is error apparent on the face of the record and that it is appropriate for us to exercise our discretion to review such violations when they are brought to our attention." As we have noted, the state concurs that the trial court committed plain error and that we should exercise our discretion to correct it.

Reversed and remanded for entry of judgment merging conviction for unlawful prostitution procurement activities with conviction for prostitution and for resentencing; otherwise affirmed.