PER CURIAM
*203 Appealing a judgment of conviction for multiple sex offenses, defendant assigns error to (1) the trial court's failure to merge his guilty verdict for first-degree sexual abuse on Count 4 into his guilty verdict for first-degree sodomy on Count 5; and (2) the trial court's failure to merge his guilty verdict for first-degree sexual abuse on Count 11 into his guilty verdict for first-degree sodomy on Count 12. Defendant contends that "the version *170 of first-degree sexual abuse at issue in this case does not contain any element that is not also included in the version of first-degree sodomy at issue" and that, therefore, the verdicts must merge under ORS 161.067. That is, defendant argues that first-degree sexual abuse is a lesser-included offense of first-degree sodomy.
Our decision in State v. Moore , 185 Or. App. 229, 58 P.3d 847 (2002), necessarily forecloses that argument, as defendant acknowledges. There, we held that sexual abuse is not a lesser-included offense of sodomy because each offense requires proof of an element that the other does not. Id . at 230, 58 P.3d 847. Although defendant asserts that Moore is wrongly decided and should be overruled, we are not persuaded that the rigorous standard for overruling our prior precedent is met. See generally State v. Civil , 283 Or. App. 395, 415-18, 388 P.3d 1185 (2017) (discussing circumstances in which our court will overrule prior precedent). Accordingly, we reject defendant's merger arguments on the ground that they are contrary to Moore .
In a third assignment of error, defendant contends that his 300-month sentence for his first-degree sodomy conviction, which the trial court imposed under ORS 137.700(2)(b)(E), is unconstitutionally disproportionate under Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution. We are not persuaded that defendant has met his burden of demonstrating that this is one of the rare instances in which the legislatively prescribed sentence violates either constitution. See, e.g. , State v. Ryan , 361 Or. 602, 396 P.3d 867 (2017) (discussing framework for determining whether sentence *204 unconstitutionally disproportionate). Accordingly, we reject defendant's third assignment of error.
Affirmed.