Argued and submitted June 19, reversed in part and remanded; otherwise affirmed
November 15, 1995

STATE OF OREGON,
*Respondent,*

*v.*

JESUS MORALES,
*Appellant.*

(93-06-6132C4; CA A82314)

905 P2d 256

Garrett A. Richardson argued the cause for appellant. With him on the brief was Multnomah Defenders.

David E. Leith, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Harrison Latto, Assistant Attorney General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant and three accomplices were accused in a joint indictment on 13 charges arising from a sexual assault that the four men committed against two teen-aged sisters. Defendant was tried jointly with one of the accomplices and convicted of three counts of rape in the first degree, one count of sodomy in the first degree and four counts of kidnapping in the first degree. ORS 163.375; ORS 163.405; ORS 163.235. On appeal, defendant argues only that the trial court erred in denying his motion for a judgment of acquittal on Count XIII. That count charged all of the defendants, without specifying them by name, of forcibly raping one of the victims, by means of aiding and abetting another to commit the crime.

■ The state concedes that defendant is correct that there was insufficient evidence for the jury to consider the count of aiding and abetting the rape of the victim.[1] The state argues, however, that the victim's testimony presented sufficient evidence to support a conviction of attempted rape. The state argues that, by finding defendant guilty of rape, the jury necessarily found that defendant *intended* to commit rape.[2] Therefore, the state contends, the judgment should be modified to a conviction of attempted rape in the first degree, a lesser-included offense.

■■ Lesser offenses are not merely lower degrees of the crime charged but are offenses either necessarily included in the statutory definition of the crime or expressly included in the criminal offense as charged in the indictment. *State v. Washington*, 273 Or 829, 835, 543 P2d 1058 (1975). Under the authority of Article VII (Amended), section 3, of the Oregon Constitution, we may direct a judgment for a lesser included offense if we can determine from the record that such a judgment should have been entered. *State v. Cannon*,

---

[1] Although the state argues that it is debatable that defendant preserved his claim of error, we conclude that he did.

[2] Here, Count XIII alleged that "the defendants * * * did unlawfully and *knowingly*, aid and abet, by forcible compulsion, engage in sexual intercourse with [the victim]." (Emphasis supplied.) A person is guilty of an attempt if "the person *intentionally* engages in conduct which constitutes a substantial step toward commission of a crime." ORS 161.405(1) (emphasis supplied). "Intent," in ORS 161.085(7), is conscious purpose; and "knowledge," in ORS 161.085(8), is conscious awareness. *State v. Frances*, 30 Or App 359, 362, 567 P2d 558 (1977), *aff'd* 284 Or 621, 588 P2d 611 (1978). The concepts are distinct. 284 Or at 626.

65 Or App 327, 330, 671 P2d 761 (1983). We cannot make that determination here.

In *State v. Jefferson*, 81 Or App 479, 726 P2d 392, *rev den* 302 Or 460 (1986), we held that the evidence did not support the defendant's conviction of kidnapping in the second degree. We rejected the state's request to modify the conviction to one of attempted kidnapping in the second degree:

> "There is nothing in the record to indicate that the state requested the trial judge, as trier of fact, to consider the elements of the lesser-included offense. The record also gives no indication that the court in fact considered the elements of the lesser-included offense. We therefore cannot modify the conviction to attempted kidnapping in the second degree. *State v. Allen*, 301 Or 35, 717 P2d 1178 (1986)." 81 Or App at 483.

The same is true here. The jury was instructed that, to convict defendant of rape in the first degree as charged in Count XIII, the state had to prove that defendant did "unlawfully and knowingly aid and abet another to engage in sexual intercourse" with the victim. The jury was not instructed as to lesser-included offenses or attempt. We cannot say that the particular conviction requested by the state is "such as should have been rendered in the case" under Article VII (Amended), section 3. *Allen*, 301 Or at 41.

Because of our holding, defendant's entire case must be remanded for resentencing. ORS 138.222(5).

Conviction for rape in the first degree under Count XIII reversed; all other convictions affirmed; remanded for resentencing.