Argued and submitted September 9; conviction for unlawful possession of a firearm reversed and remanded, remanded for resentencing, otherwise affirmed September 30, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRETT DANIEL FUNRUE,
*Defendant-Appellant.*

Deschutes County Circuit Court
18CR32039; A168801

475 P3d 940

Walter Randolph Miller, Jr., Judge.

Daniel C. Bennett, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Daniel Norris, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Conviction for unlawful possession of a firearm reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for unlawful possession of a firearm based on a charge that he carried a firearm "concealed upon [his] person," ORS 166.250(1)(a).[1] With regard to that charge, the jury was instructed that "concealed on his person" meant that defendant either carried on his person a weapon that was "not readily identifiable as a weapon" or "attempt[ed] to obscure the fact that he[] [was] carrying a weapon." On appeal, defendant argues that the "attempted to obscure" theory of concealment incorrectly stated the law and allowed the jury to find him guilty on an improper theory.

The state concedes that the instruction on an "attempt" theory of concealment was erroneous in light of the Supreme Court's subsequent construction of the term "conceal" in *State v. Harrison*, 365 Or 584, 590, 450 P3d 499 (2019). However, it argues that the correct remedy, in the interest of judicial economy, is to remand for the state to elect between a new trial on that count and entry of a judgment for the lesser included offense of attempted unlawful possession of a firearm. According to the state, "[w]ith its verdict, the jury, at a minimum, found defendant guilty of attempted carrying a firearm concealed on his person."

Defendant replies that the only permissible remedies are a new trial on the count or its dismissal, because the jury was not instructed on the offense of attempt and there is no basis on which to conclude that the jury necessarily found that defendant had the requisite mental state for an attempt offense—specifically, that defendant *intentionally* engaged in conduct that was a substantial step toward concealing the gun on his person. *See* ORS 161.405(1) ("A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."); *State v. Rapp*, 306 Or App 265, 274-75, 473 P3d 1126 (2020) (rejecting the view that the word "attempt," when used in its ordinary sense as opposed to the context of the inchoate

---

[1] Defendant was convicted of other offenses as well, but they are not at issue on appeal.

offense of attempt, necessarily implies an "intentional" mental state on the part of the actor).

We agree with and accept the state's concession regarding the instructional error, but we disagree with the state's proposed disposition. Having considered the parties' arguments, we agree with defendant that the record is insufficient to support the state's claim that the jury necessarily found that defendant intentionally took a substantial step toward concealing his gun. It is therefore improper for us to remand to permit entry of judgment on a lesser-included offense of attempted unlawful possession of a firearm, so we instead reverse and remand for a new trial on the charged offense.

Conviction for unlawful possession of a firearm reversed and remanded; remanded for resentencing; otherwise affirmed.