Submitted June 25, 2020; in Case No. 18CR09518, conviction on Count 1 reversed and remanded, conviction on Count 7 reversed, remanded for resentencing, otherwise affirmed; in Case No. 18CR37061, affirmed May 26, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTHONY JACOB MODRZEJEWSKI,
*Defendant-Appellant.*

Lane County Circuit Court
18CR09518, 18CR37061;
A168681 (Control), A168677

490 P3d 172

In this consolidated criminal appeal, defendant primarily challenges his convictions of second- and third-degree assault. On appeal, defendant argues that the trial court erred by denying his motion for judgment of acquittal (MJOA) with respect to the third-degree assault charge and by accepting a nonunanimous verdict for the second-degree assault charge. The state concedes error as to the nonunanimous verdict and the MJOA, but nevertheless argues for a remand with instructions to enter a conviction for attempted third-degree assault. *Held*: The Court of Appeals accepted the concessions with respect to the nonunanimous jury verdict and the MJOA. However, as the jury was not instructed on a lesser-included or inchoate version of third-degree assault, the court could not determine what judgment should have been entered in the court below and therefore could not direct a conviction on attempted third-degree assault.

In Case No. 18CR09518, conviction on Count 1 reversed and remanded; conviction on Count 7 reversed; remanded for resentencing; otherwise affirmed. In Case No. 18CR37061, affirmed.

R. Curtis Conover, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

POWERS, J.

In Case No. 18CR09518, conviction on Count 1 reversed and remanded; conviction on Count 7 reversed; remanded for resentencing; otherwise affirmed. In Case No. 18CR37061, affirmed.

**POWERS, J.**

In this consolidated criminal appeal, defendant challenges his convictions of second- and third-degree assault, unlawful use of a weapon, coercion, menacing, and second-degree criminal mischief in Case No. 18CR09518, and his conviction of tampering with a witness in Case No. 18CR37061. Defendant advances 14 assignments of error between the two cases, and we reject without discussion all of those assignments, except the assignment addressing the trial court's denial of the motion for judgment of acquittal for the third-degree assault and those addressing the nonunanimous jury instruction and verdicts. As discussed below, we conclude that defendant is entitled to relief on both the second-degree assault and third-degree assault convictions. Accordingly, we reverse and remand on the second-degree assault conviction, reverse the third-degree assault conviction, remand for resentencing, and otherwise affirm.

In his first assignment of error, defendant asserts that the trial court erred by denying his motion for judgment of acquittal on the third-degree assault charge, Count 7, which alleged that he knowingly caused physical injury to a child 10 years of age or younger. Defendant argues that, because the evidence was insufficient to prove that the victim suffered from physical injury that was "ample or considerable, [rather than] fleeting or inconsequential" pain, the trial court erred. *State v. Long*, 286 Or App 334, 341, 399 P3d 1063 (2017) (internal quotation marks omitted). Defendant further contends that, because the evidence was insufficient, we should reverse the conviction. The state concedes that the evidence of pain was insufficient to support a third-degree assault conviction; however, it urges us to reverse and remand with instructions to enter a judgment of conviction on attempted third-degree assault.

When we review a trial court's denial of a motion for judgment of acquittal, we view the evidence in the light most favorable to the state and draw all reasonable inferences in its favor. *State v. Connelly*, 298 Or App 217, 218, 445 P3d 940 (2019). Ultimately, our task is to "determine whether any rational trier of fact, accepting reasonable inferences and making reasonable credibility choices, could have found the

essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks omitted).

The facts relevant to the third-degree assault count, viewed in the light most favorable to the state, begin when defendant was at S's house, his intimate partner, along with her four children and a mutual friend, A. Throughout the day defendant had been "drinking beers like crazy" and appeared to be intoxicated. While S and one of her children were "hanging out" with defendant, he "freaked out" and "wouldn't quit accusing" S of cheating on him. In the process of following S down the hallway to continue the argument, defendant pushed S's seven-year-old child, G, into the wall. G's "head bounce[d] off the wall" causing G to say "ow" and hold "his head a little bit." G did not seem to suffer from anything more than "fleeting" pain—rather "he just rubbed [his head] a little bit and then *** he was fine after that." A's impression of G's reaction to being pushed into the wall was that "he's like ow, that kind of hurt kind of." G's older brother said that "it didn't really look like [G] got hurt or anything. He just stood up and ran into the living room and sat down."

Defendant was charged with third-degree assault for pushing G into the wall. As charged here, "[a] person commits the crime of assault in the third degree if the person *** [b]eing at least 18 years of age, intentionally or knowingly causes physical injury to a child 10 years of age or younger." ORS 163.165(1)(h).[1] "Physical injury" in turn is defined as "impairment of physical condition or substantial pain." ORS 161.015(7). Defendant was tried on the "substantial pain" theory, not on an "impairment of physical condition" theory. Our cases discussing that theory require that to be "substantial," the pain experienced by the victim must be "ample or considerable, and not fleeting or inconsequential." *See Long*, 286 Or App at 340-41 (recounting numerous instances where evidence was insufficient to show substantial pain). Substantial pain "must meet both a degree or intensity threshold as well as a durational threshold—both of which are measured subjectively from the victim's point

---

[1] ORS 163.165, the third-degree assault statute, has been amended since defendant's conduct. *See* Or Laws 2019, ch 213, § 119. Because that amendment does not affect our analysis, we refer to the current version of the statute.

of view." *State v. Colpo*, 305 Or App 690, 693, 472 P3d 277, *rev den*, 367 Or 290 (2020).

Given the paucity of evidence in the record about G's level of pain from being pushed into the wall by defendant, we accept the state's concession on the insufficiency of the evidence to support a conviction for third-degree assault. There is not enough evidence for a rational factfinder to conclude beyond a reasonable doubt that G suffered from ample or considerable pain rather than fleeting or inconsequential pain as a result of being pushed into the wall.

The state asserts that rather than simply reversing the third-degree assault conviction, we should instead reverse and remand for entry of a conviction of attempted third-degree assault. Under Article VII (Amended), section 3, of the Oregon Constitution, we may, if we can determine what judgment should have been entered, remand with instructions to enter a judgment for a different conviction.[2] The precise scope of our authority under this provision is not clear, and the parties' arguments in this case are limited. What is clear, however, is that the state's argument fails to explain how this case is distinguishable from *State v. Morales*, 137 Or App 616, 905 P2d 256 (1995).

In *Morales*, the defendant was found guilty of first-degree rape by aiding and abetting another. *Id.* at 618. On appeal, the state conceded that there was insufficient evidence for the jury to consider the aiding and abetting rape count but contended that the correct disposition was entry of a conviction on attempted first-degree rape. The state reasoned that, because it found the defendant guilty of rape, "the jury necessarily found that defendant *intended* to commit rape." *Id.* (emphasis in original). The jury in *Morales* had been instructed that, to find the defendant guilty, the

---

[2] Article VII (Amended), section 3, provides, in part:

"[I]f, in any respect, the judgment appealed from should be changed, and the [reviewing] court shall be of [the] opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered in the same manner and with like effect as decrees are now entered in equity cases on appeal to [a reviewing] court. Provided, that nothing in this section shall be construed to authorize the [reviewing court] to find the defendant in a criminal case guilty of an offense for which a greater penalty is provided than that of which the accused was convicted in the lower court."

state had to prove the defendant did "knowingly aid and abet another to engage in sexual intercourse," and the jury had not been instructed as to the lesser-included offenses or attempt. *Id.* at 619. Given that situation, we could not determine from the record consistent with our authority under Article VII (Amended), section 3, that a judgment of a lesser-included offense, including the inchoate attempt version of the crime, should have been entered. *Id.*; *accord State v. Funrue*, 306 Or App 720, 475 P3d 940 (2020).

The same is true here too.[3] With respect to the challenged third-degree assault count, the jury was instructed that defendant must have "knowingly cause[d] physical injury to G" and was not instructed on a lesser-included or an inchoate version of that crime. Given that situation and the arguments made in this case, we cannot make the determination required to enter a conviction of attempted third-degree assault.[4] Accordingly, we reverse the conviction on Count 7.

---

[3] Although this case is procedurally similar to our recent case of *State v. Slater*, 310 Or App 746, 487 P3d 59 (2021), the result in *Slater* does not control. In *Slater*, the defendant was found guilty of aggravated first-degree theft, but we determined that the state had not proved, in a permissible manner, that the value of stolen property was in excess of $10,000, as required for aggravated first-degree theft. Although we reversed the conviction for aggravated first-degree theft because the evidence with respect to the value of the property was insufficient, we remanded with instructions to enter a conviction of third-degree theft. *Id.* at 760. This was a permissible disposition because, as the defendant was charged and tried, each element of aggravated first-degree theft and third-degree theft, except the value of stolen property, is identical. *Id.* at 759. *Compare* ORS 164.057 (aggravated first-degree theft) *with* ORS 164.043 (third-degree theft). At the time of the defendant's crimes, Oregon law directed that, if the precise value of stolen property could not be reasonably ascertained, it was presumed to have a value of less than $50. *See Slater*, 310 Or App at 760. Because no statutory presumption with respect to physical pain resulting from assaultive conduct exists, *Slater* does not control the disposition of this case.

[4] We leave for another day whether remanding with instructions to enter a crime for an attempt is ever possible after a jury finds a defendant guilty for a crime that was pleaded with a knowing mental state. *Compare Morales*, 137 Or App at 618 n 2 *with State v. Zolotoff*, 253 Or App 593, 596, 291 P3d 781 (2012) (holding that the trial court erred in failing to instruct the jury as to the crime of attempt and explaining that "[t]here is no incongruity between intentionally taking a substantial step toward possession of a weapon, *see* ORS 161.405(1) ('A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime.'), and knowing possession of a weapon by an inmate"); *see also State v. Madison*, 303 Or App 737, 743, 466 P3d 92 (2020) (reversing promoting prostitution conviction and remanding with instructions to enter a conviction for attempt); *State v. Garcia*, 206 Or App 745, 751-52, 138 P3d 927 (2006) (reversing and remanding for entry of a conviction for attempted coercion).

In the thirteenth assignment of error, defendant argues that the trial court erred in instructing the jury that it need not reach unanimous verdicts, and contends that, because the erroneous jury instruction constituted a structural error, his convictions must be reversed in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), which held that nonunanimous jury verdicts for nonpetty offenses violate the Sixth Amendment to the United States Constitution. In *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020), the Oregon Supreme Court rejected the argument that giving a nonunanimous jury instruction constituted structural error that categorically requires reversal in every case. When, as here, the jury returns mixed—both unanimous and nonunanimous— verdicts despite the nonunanimous instruction, such "instructional error was harmless as to the unanimous verdicts." *Id.* at 329.

In the related fourteenth assignment of error, defendant claims that the trial court erred in entering a conviction on the nonunanimous verdict on Count 1, second-degree assault. Here, defendant—as the state concedes—is correct. It was erroneous to enter a conviction based on the nonunanimous jury verdict for second-degree assault, and therefore defendant is entitled to relief. *Id.* at 297.

In Case No. 18CR09518, conviction on Count 1 reversed and remanded; conviction on Count 7 reversed; remanded for resentencing; otherwise affirmed. In Case No. 18CR37061, affirmed.