Argued and submitted November 19, 2020; convictions on Counts 11 and 12 reversed and remanded, remanded for resentencing, otherwise affirmed June 8; petition for review denied November 3, 2022 (370 Or 455)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOE ALBERT RAYGOSA,
*Defendant-Appellant.*

Lane County Circuit Court
18CR10987; A168779

512 P3d 824

Defendant was convicted of, among other things, two counts of first-degree sexual abuse (Counts 11 and 12) as lesser-included offenses of first-degree rape. He argues on appeal that the trial court committed plain error when it allowed the state to proceed on first-degree sexual abuse charges as lesser-included offenses of Counts 11 and 12, after it had granted defendant's motion for judgments of acquittal on the rapes charged in the indictment. The state agrees with defendant that first-degree sexual abuse is not a lesser-included offense of first-degree rape as charged in this case, and that the error is plain, but it urges us to decline to exercise our discretion to correct the error because, the state argues, defendant invited the error. The state further argues that, if we do correct the error, we should order the trial court to reform the convictions on Counts 11 and 12 to convictions for attempted first-degree rape. *Held*: The Court of Appeals concluded that the error is plain, and that defendant did not invite the error. The Court exercised its discretion to correct the error, and reversed and remanded defendant's convictions on Counts 11 and 12 for retrial on legally correct lesser-included offenses.

Convictions on Counts 11 and 12 reversed and remanded; remanded for resentencing; otherwise affirmed.

Charles M. Zennaché, Judge.

David O. Ferry, Deputy Public Defender, argued the cause for appellant. On the briefs were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah Laidlaw, Deputy Public Defender, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

ORTEGA, P. J.

Convictions on Counts 11 and 12 reversed and remanded; remanded for resentencing; otherwise affirmed.

**ORTEGA, P. J.**

In this criminal case defendant was convicted, after a jury trial, of six counts of first-degree sexual abuse (Counts 1 to 4, 11, and 12), ORS 163.427; two counts of first-degree unlawful sexual penetration, (Counts 5 and 6), ORS 163.411; and four counts of first-degree sodomy (Counts 7 to 10), ORS 163.405.[1] On appeal, he raises seven assignments of error. We write only to address assignments one and two, and we reject the remaining assignments without written discussion.

In his first two assignments of error, defendant argues that the trial court committed plain error when it allowed the state to proceed on first-degree sexual abuse charges as lesser-included offenses of Counts 11 and 12, after it had granted defendant's motion for judgments of acquittal on the charges of first-degree rape that appeared in the indictment.[2] The state agrees with defendant that first-degree sexual abuse is not a lesser-included offense of first-degree rape as charged in this case, and that the error is plain, but it urges us to decline to exercise our discretion to correct the error. Specifically, the state argues that defendant invited the error. We conclude that the error is plain, and that defendant did not invite the error. We exercise our discretion to correct the error, and reverse and remand defendant's convictions on Counts 11 and 12 for further proceedings.

The relevant facts are mostly procedural and not in dispute on appeal. Defendant was charged with 12 offenses connected with his sexual assaults on his foster child, J. Among the charges were Counts 11 and 12, two counts of first-degree rape, charged under ORS 163.375(1)(b).

---

[1] The statutes that apply in this case are the 2016 versions of ORS 163.375, ORS 163.411, and ORS 163.405, which have since been amended, but those amendments have no effect on the analysis or outcome in this case. *See* Or Laws 2021, ch 82, §§ 4-6; Or Laws 2017, ch 318, § 5. All references to those statutes, therefore, are to the current versions.

[2] The precise error at issue can be framed in multiple ways—the parties refer to it at times as allowing the state to proceed on sexual abuse charges on Counts 11 and 12, which we take to mean ruling that the jury would be instructed on first-degree sexual abuse as a lesser-included offense of first-degree rape, and that the state could proceed with its case on that basis. For convenience, we too will refer to the error that way.

As charged, that offense required proof that defendant had "sexual intercourse with another person" and "that the victim [was] under 12 years of age." ORS 163.305(6) provides that "'Sexual intercourse' has its ordinary meaning and occurs upon any penetration, however slight; emission is not required."

At trial, J testified that defendant had touched her genitals, and specifically her vagina, with his fingers, had penetrated her vagina with his finger, and had touched her in those places with his penis. J did not testify that defendant's penis penetrated her vagina.

At the close of the state's evidence, defendant moved for judgments of acquittal. He argued that Counts 11 and 12 required proof of penetration of the vagina and that the state had not adduced that proof. The trial court ultimately agreed with defendant and granted the motion for judgments of acquittal on those counts. The state then sought to proceed on a lesser-included offense, asking that the jury be instructed on first-degree sexual abuse as a lesser-included offense of first-degree rape. Defendant objected on the basis that the court had already disposed of Counts 11 and 12 and that the state could have pleaded alternative theories at the outset of the case, but that the state was precluded from proceeding on any lesser-included offense at that point. The trial court rejected defendant's arguments.

In the course of defendant's arguments, his counsel said,

> "*They could argue that this conduct constitutes the crime of sexual abuse in the first degree and that would be a correct statement of law*, but in order to—on these two counts that they've alleged and that the court has found that there isn't sufficient evidence to present that case—those counts to the jury, then they can't at that point then say oh, well, we want to keep Counts 11 and 12 but ask for lesser includeds."

(Emphasis added.)

On appeal, defendant abandons the argument he made below, but raises as plain error the court's decision to allow the state to go forward with first-degree sexual abuse charges in place of the first-degree rape charges. He points

out that first-degree sexual abuse is not a lesser-included offense of first-degree rape as charged in Counts 11 and 12. He contends that the trial court's error is plain because it is a legal error that is beyond dispute, and it appears on the face of the record. He also argues that we should exercise our discretion to correct the error.

The state agrees that the trial court erred, but argues that defendant invited the error. Based on the portion of defendant's argument emphasized above, the state argues that defendant agreed with the state that first-degree sexual abuse is a lesser-included offense of first-degree rape. Consequently, the state argues, we should decline to exercise our discretion to correct the error.

Defendant is correct that first-degree sexual abuse is not a lesser-included offense of first-degree rape as charged in this case. "A crime is a lesser-included offense of another crime either if it is necessarily included in the greater offense because its elements are subsumed in the greater offense, or if it is specifically pleaded in the charging instrument." *State v. Leckenby*, 200 Or App 684, 688, 117 P3d 273 (2005) (internal quotation marks omitted). The elements of first-degree sexual abuse are not subsumed within first-degree rape—each contains an element that the other offense does not—nor did the state specifically plead the lesser offense. *Id.*; *State v. Spring*, 172 Or App 508, 512, 514, 21 P3d 657, *rev den*, 332 Or 559 (2001) (noting that merger and jury instruction issues are essentially the same and holding that rape and sexual abuse offenses did not merge).

Defendant did not argue that the charge on which the state wished to proceed was not a lesser-included offense or otherwise bring the court's attention to that issue. Thus, he failed to preserve the error that he raises on appeal— that the trial court erred by allowing the state to proceed on Counts 11 and 12 on charges that were not lesser-included offenses of the charges in the indictment. We agree, however, that the error is one of law, that it is obvious and not reasonably in dispute, and that it does not require choosing between competing inferences or going outside the record. *See* ORAP 5.45; *Ailes v. Portland Meadows*, 312 Or 376, 381,

823 P2d 956 (1991) (describing necessary components of plain error).

We turn, then, to the state's argument that defendant invited the error. We ordinarily will not reverse if an error is invited. "Under the invited error doctrine, a party who 'was actively instrumental in bringing about' an alleged error 'cannot be heard to complain, and the case ought not to be reversed because of it.'" *State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den*, 346 Or 590 (2009) (quoting *Anderson v. Oregon Railroad Co.*, 45 Or 211, 216-17, 77 P 119 (1904)).

The state points to this portion of defendant's argument as inviting the error: "They could argue that this conduct constitutes the crime of sexual abuse in the first degree and that would be a correct statement of law." However, that argument does not address whether first-degree sexual abuse is a lesser-included offense of first-degree rape. Defendant did not agree that the lesser offense was a lesser-included offense of the charged offense or that the lesser offense was necessarily included in the rape charge because its elements were subsumed in the greater offense, nor that it was specifically pleaded in the charging instrument. Rather, defendant acknowledged that there was evidence at trial of *conduct* that could constitute first-degree sexual abuse, in the context of an argument that the state could not proceed on *any* lesser-included offense after granting the motion for judgments of acquittal. Nowhere in defendant's argument to the trial court does defendant agree with the state's position that first-degree sexual abuse is a lesser-included offense, let alone invite the trial court to instruct the jury on that offense for Counts 11 and 12. Defendant therefore did not invite the court's error.

Accordingly, we address the question of whether to exercise our discretion to correct the error and decide to do so, because it is a grave error that substantially affects defendant's sentence and his criminal record.

We next consider the remedy for the error. The state argues that we should vacate the convictions on Counts 11 and 12 and remand for the trial court to reform the convictions to attempted first-degree rape which, it argues, would

have been a proper lesser-included offense. "Generally, the attempt to commit a crime is a lesser-included offense of the crime itself." *State v. Cruz-Gonzelez*, 256 Or App 811, 814, 303 P3d 983 (2013) (internal quotation marks omitted).

As the state acknowledges, however, that offense would have required the jury to find an element that it did not necessarily find when it convicted defendant of first-degree sexual abuse on those counts. The elements of attempted first-degree rape would have required proof that defendant's sexual assaults were committed with the intention to have sexual intercourse, a finding which was not required to convict defendant of first-degree sexual abuse. Though the state argues that there was sufficient evidence to support such a finding, the jury did not so find. Further, although the state is correct that the jury necessarily credited the state's evidence, including the victim's testimony, the element of defendant's intent or purpose for engaging in the sexual abuse on which the jury found him guilty is substantially different from the other elements that the jury found were proven—that is, for sexual abuse, the jury found that defendant's purpose in engaging in the sexual contact was "for the purpose of arousing or gratifying the sexual desire of either party." ORS 163.305(5); ORS 163.427. We cannot say that the jury would *necessarily* have found defendant guilty of attempted first-degree rape based on the guilty verdicts on the counts it did consider. *See State v. Burgess*, 240 Or App 641, 654, 251 P3d 765 (2011), *aff'd*, 352 Or 499 (2012) ("Although there was arguably sufficient evidence from which the jury could have made that determination, it did not do so either expressly or by necessary implication in rendering its verdict.").

Nevertheless, defendant's failure to object or otherwise bring to the court's or the state's attention that first-degree sexual abuse was not properly a lesser-included offense of first-degree rape means that the court and the state did not have the opportunity to determine what, if any, would be a legally correct lesser-included offense. To put the parties in the position they would have been in had the court not plainly erred in allowing the state to proceed on the sexual abuse charges on Counts 11 and 12, we reverse defendant's convictions on those counts and remand for retrial

on a legally correct lesser-included offense. *See Burgess*, 240 Or App at 649 (crafting appropriate remedy when neither outright reversal nor entry of lesser included conviction was appropriate on plain error review "given the idiosyncratic procedural posture" of the case).

　　　　Convictions on Counts 11 and 12 reversed and remanded; remanded for resentencing; otherwise affirmed.