128 May 28, 2026 No. 465

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHARLY JOSH VELASQUEZ-SANCHEZ,
*Defendant-Appellant.*

Marion County Circuit Court
20CR08901, 21CR46350, 23CR28431;
A185467 (Control), A185468, A185469

Audrey J. Broyles, Judge.

Argued and submitted April 23, 2026.

Stacy M. Du Clos, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this consolidated case, defendant appeals a judgment of conviction in Case No. 23CR28431 for three counts of fourth-degree assault, based on his no-contest plea, and judgments revoking his probation in Case Nos. 20CR08901 and 21CR46350, all of which were based on the same criminal activity. Notwithstanding the state's request, pursuant to a plea agreement with defendant, for a shorter overall period of incarceration, the court sentenced defendant to 30 months incarceration on each of the three counts in Case No. 23CR28431, 18 months incarceration in Case No. 20CR08901, and 24 months incarceration in Case No. 21CR46350, with all sentences to run consecutively. In his first assignment of error, defendant challenges the court's "deviat[ion] from the plea agreement without offering defendant an opportunity to withdraw his plea." In his second and third assignments, defendant assigns error to the revocation of his probation, arguing that the court lacked authority to revoke his probation because the state never charged him with violating probation based on the criminal activity to which he entered his plea in Case No. 23CR28431.

We conclude that defendant's first assignment of error is reviewable under ORS 138.105(7), but it is unpreserved, and the court did not commit plain error as defendant contends in his first assignment. We also conclude that defendant invited the errors that he alleges in his second and third assignments. Accordingly, we affirm.

*The Trial Court's Deviation from the Plea Agreement.* We begin with defendant's arguments that the trial court was required to advise him that it intended to deviate from the sentence the state agreed to recommend in exchange for defendant's no-contest plea and allow him an opportunity to withdraw his plea.[1] ORS 135.390 governs the trial court's responsibilities when a defendant in a criminal proceeding pleads guilty or no contest, including when a defendant does

---

[1] The state recommended a sentence of 30 months incarceration on each of the three fourth-degree assault convictions, to run concurrently to each other and consecutively to the probation violation sentences. However, the court sentenced defendant to 30 months incarceration on each fourth-degree assault conviction, with each sentence to run consecutively to each other and to defendant's probation violation sentences.

so pursuant to a plea agreement. Subsection (5) of that statute provides:

> "(a)   If the district attorney has provided a plea offer and agreed disposition recommendation to the defendant as provided in ORS 135.405 and the defendant is entering a guilty plea based on the plea offer and agreed disposition recommendation, the court shall determine whether the plea is voluntarily made. Except as otherwise provided in paragraph (b) of this subsection, if the court finds that the plea is voluntarily made, the court shall impose sentence as provided in the agreed disposition recommendation.
>
> "(b)   If the court determines that the agreed disposition recommendation is inappropriate in a particular case, the court shall so advise the parties and allow the defendant an opportunity to withdraw the plea."

ORS 135.390(5).

As background for this case, we discuss *State v. Craig*, 337 Or App 38, 43-46, 563 P3d 389 (2024), in which we addressed what ORS 135.390(5)(b) requires of a trial court. In that case, the state and the defendant entered a plea agreement in which the "defendant would plead no-contest to 14 charges in six cases; all other charges would be dismissed; and the parties would recommend a downward departure sentence of 18 months on probation, with a special condition of probation that defendant complete drug court, and with a 75-month prison sentence to be imposed in the event of probation revocation." *Id.* at 39. After accepting the defendant's guilty plea and hearing arguments from the parties "in support of the agreed-upon sentence" and a statement from one of the victims, it told the parties "that it needed some time to consider its options, including to decide whether 'in the end' it would be able to impose the agreed-upon disposition and, if not, what it would impose instead." *Id.* at 40. "The court set another hearing," and, "[w]hen the hearing resumed ***, [the] defendant was represented by a different public defender." *Id.* The court began by stating that it had "'indicated previously that I'm not going to be following the agreement of the parties.'" *Id.* "The court then sentenced [the] defendant in each case, imposing a total prison sentence of 95 months." *Id.*

The defendant appealed, arguing "that the trial court erred in failing to give her an opportunity to withdraw her pleas." *Id.* at 41. We excused preservation, concluding that the defendant had no "practical ability to raise [the] issue," given the unique situation in which the trial court "misstated that it had already told the parties that it would not impose the agreed-upon disposition" and the defendant was represented by different attorneys at the plea hearing and the sentencing hearing, meaning that the attorney at the sentencing hearing "was not in a position to recognize the disconnect and the resulting skipping of a procedural step." *Id.* at 42-43.

We then proceeded to the merits of the defendant's claim, noting that "[t]he parties agree that this case is subject to ORS 135.390(5)" and only disputed what that statute required when the trial court determined that it would not impose the agreed disposition. *Id.* at 43. We reversed and remanded, concluding that, "in proceedings subject to ORS 135.390(5)(b)," the trial court must "advise the parties if it decides that the agreed disposition recommendation is inappropriate, then ask whether the defendant wants to withdraw the plea in light of the court's decision not to impose the agreed-upon disposition." *Id.* at 46.

Defendant argues that the trial court erred under ORS 135.390(5)(b) in deviating from the "agreed disposition" without offering him an opportunity to withdraw his plea. The state first responds that defendant's claim is unreviewable under various provisions of ORS 138.105. Because we have rejected the same or similar arguments in other cases, we disagree with the state. *See id.* at 41-42 (concluding that ORS 138.105(5) did not bar review of the defendant's claim that the trial court erred in deviating from the agreed-upon disposition without allowing her an opportunity to withdraw her plea); *State v. Stokes*, 133 Or App 355, 357, 891 P2d 13 (1995) (concluding that *former* ORS 138.222(2)(a) (1995), *repealed by* Or Laws 2017, ch 529 § 16, which prohibited review of "[a]ny sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission" in an appeal from a felony conviction, did not preclude review of the imposition of consecutive sentences);

*State v. Rusen*, 369 Or 677, 695-96, 509 P3d 628 (2022) (holding that ORS 138.105(9) precludes review of a sentencing challenge only when the parties "have agreed to a specific sentence" and then "preclude[s] review only of the part of the sentence on which the parties agreed"). Furthermore, ORS 138.105(7) expressly provides us with authority to review a "sentence to determine whether the trial court failed to comply with requirements of law in imposing *** a sentence", which is what defendant contends in this case.

However, we agree with defendant and the state that this claim of error is not preserved, given that defendant did not seek to withdraw his plea. Defendant argues that we should excuse preservation as we did in *Craig*. However, unlike in *Craig*, after defendant in this case entered his no-contest plea, the court proceeded to sentencing in the same hearing, and defendant was represented throughout by the same counsel. In other words, the record before us does not disclose any circumstances like those in *Craig* that would have impaired the ability of defendant and his counsel to object to the court's sentencing procedure. Given the substantial differences between the circumstances in *Craig* and those in this case, we decline to excuse preservation.

Turning to defendant's request for plain error review of his first assignment of error, we do not agree that, under ORS 135.390(5)(b), the trial court committed plain error in deviating from the agreed disposition without advising defendant that it had determined that the disposition was "inappropriate" and allowing him an opportunity to withdraw his plea. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) ("For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences."). As noted, ORS 135.390(5)(a) provides that when a "defendant is entering a *guilty* plea based on the [district attorney's] plea offer and agreed disposition recommendation," the court must determine whether the plea is voluntarily made. (Emphasis added). If the court determines it is, the court "shall impose sentence as provided in the agreed disposition recommendation," "[e]xcept as otherwise provided in paragraph (b) of

this subsection." ORS 135.390(5)(a). Only then does ORS 135.390(5)(b) require the court to "advise the parties" if it determines that "the agreed disposition recommendation is inappropriate" and "allow the defendant an opportunity to withdraw the plea."

Given the plain text of ORS 135.390(5), it is not obvious and beyond reasonable dispute that a trial court is required to allow a defendant who pleads no contest, rather than guilty, an opportunity to withdraw their plea if it determines that the agreed disposition is "inappropriate." Defendant's reliance on *Craig* is not helpful in this case, because the parties in that case agreed that ORS 135.390(5) applied, so the question of whether ORS 135.390(5)(b) applies when a defendant pleads no contest, as opposed to entering a guilty plea, was not before us in *Craig. See Craig*, 337 Or App at 43 n 5 ("[W]e note that ORS 135.390(5), which was added to the statute in 2001, refers to 'a guilty plea,' whereas ORS 135.390(1) and (3), which were part of the original 1973 enactment, refer to 'a plea of guilty or no contest.' *** For present purposes, we accept the parties' position that ORS 135.390(5) applies here and express no opinion on any potential significance to the variance in statutory language between subsections." (Citations omitted.)).

Accordingly, we conclude that defendant's first assignment of error provides no basis for reversal.

*Revocation of Probation.* We turn to defendant's claims that the trial court erred in revoking his probation. Defendant concedes that he did not preserve his claims and argues that we should review for plain error and exercise our discretion to correct those errors. *Vanornum*, 354 Or at 629. The state responds that any review of these claims of error is "barred by 'invited error' principles." *See State v. Raygosa*, 320 Or App 77, 82, 512 P3d 824, *rev den*, 370 Or 455 (2022) ("We ordinarily will not reverse if an error is invited."); *State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den*, 346 Or 590 (2009) ("Under the invited error doctrine, a party who was actively instrumental in bringing about an alleged error cannot be heard to complain, and the case ought not to be reversed because of it." (Internal quotation marks omitted.)).

We agree with the state that, under the particular circumstances presented here, defendant invited the errors he alleges in his second and third assignments. After defendant entered his guilty plea in Case No. 23CR28431 and the court accepted the plea, the court stated, "And given the fact that you were on probation in two other cases * * * 20CR08901 and 21CR46350, pleading no contest to these three charges automatically results in violations of those probations." The court then heard arguments from both the state and defendant regarding sentencing. Rather than objecting to the trial court's summary revocation of defendant's probation or otherwise arguing that the court lacked authority to revoke probation based on the conduct underlying his guilty plea, defendant instead noted that he "submitted * * * a proposal to the Court that he'd be violated and revoked" and serve prison sentences. Defendant then noted the progress he had made while resolution of the charges was pending, and he argued that the trial court should suspend imposition of a portion of the prison sentences. We conclude that, under the circumstances here, defendant invited any error. We therefore decline to review his claims. *Kammeyer*, 226 Or App at 214.

Affirmed.